IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Beckman, IV,<br><br>         Plaintiff,<br><br>v.<br><br>J. Reuben Long Detention Center; Director Rhodes; Mediko/Med Comp Staff,<br><br>         Defendants. | C/A No. 9:23-cv-3323-SAL<br><br><br><br>**OPINION AND ORDER** |

  Plaintiff Isaac Beckman IV, a pretrial detainee proceeding pro se, filed this complaint against the named defendants. [ECF No. 1.] This matter is before the court for review of the Report and Recommendation of Magistrate Judge Molly H. Cherry (the "Report"), ECF No. 11, recommending that this case be summarily dismissed. Plaintiff filed objections to the Report. [ECF No. 13.]

**STANDARD OF REVIEW**

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record

1

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. As explained there, Plaintiff filed this action against the J. Reuben Long Detention Center, Director Rhodes, and Mediko/Med Comp Staff, alleging violations of his constitutional rights and other state-law based claims. *See* ECF No. 9. The Report summarizes Plaintiff's complaint as follows:

> Plaintiff claims that the alleged incidents occurred at the J. Reuben Long Detention Center at around 6 pm on March 12, 2023. He allegedly was walking to get dinner when he tripped over his roommate's C-Pap machine and fell into some trays. Plaintiff claims he hurt his lower neck and upper back along his spine. He alleges that medical staff came a few minutes later and forced him to move into a chair. Plaintiff contends that medical staff were negligent as to his injuries because they disregarded his instructions to leave him on the ground. ECF No. 9 at 5–6.
>
> Plaintiff contends he needed to go to the hospital for further analysis, but he was not taken to the hospital. He alleges he did not receive an x-ray and effective

> medicine for his pain from his injuries, and he was not visited by a doctor. ECF No. 9 at 6. Plaintiff requests "$100,00,0" for his injuries." *Id.*

[ECF No. 11 at 2.]

As set forth in the Report, each of the defendants Plaintiff names should be dismissed. As to the J. Reuben Long Detention Center and Mediko Med Comp Staff—neither of those defendants qualify as a "person" who is amenable to suit under § 1983. *See* ECF No. 11 at 3–4. Further, Plaintiff's claims as to Mediko Med Comp Staff appear to allege negligence as to Plaintiff's medical care, and negligent medical diagnosis or treatment, without more, does not meet the standard for deliberate indifference. *See id.* at 4. As to Director Rhodes, the Report points out that Plaintiff has failed to provide specific facts to support a claim against Director Rhodes. *Id.* Further, if Plaintiff's claim against Director Rhodes arises under supervisory liability, that requires Plaintiff to allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13, F.3d 791, 799 (4th Cir. 1994)). The Report explains that Plaintiff has failed to plausibly allege a claim that Director Rhodes was deliberately indifferent to the conditions—in this case, Plaintiff's C-Pap machine being left out where Plaintiff walked. [ECF No. 11 at 6.] If Plaintiff is alleging negligence by Director Rhodes, that does not implicate the due process clause of the Constitution. *Id.* Finally, the Report explains that Plaintiff's remaining claims arise under state law, but because there is not sufficient federal jurisdiction in this case, the court should not exercise supplemental

jurisdiction over the state law claims. *Id.* at 6–7.  The court agrees with the Report and adopts it in its entirety.

Plaintiff objects to the recommended dismissal of each of the defendants.  As to the J. Reuben Long Detention Center and Mediko/Med Comp Staff, Plaintiff insists that these entities should be held liable for alleged constitutional violations and negligence.  [ECF No. 13 at 3–5.] However, he does not address the law that inanimate objects and branches of departments or medical companies do not qualify as a "person" under § 1983, and, thus, they are not subject to suit.  Further, to the extent Plaintiff maintains that Mediko/Med Comp Staff was negligent that does not establish a constitutional claim.  Accordingly, the court overrules Plaintiff's objections to the dismissal of Defendants J. Reuben Long Detention Center and Mediko/Med Comp Staff.

Regarding the recommended dismissal of Director Rhodes, Plaintiff asserts that, as the director of the facility, it was Director Rhodes' duty to make sure that protocol was followed in the facility at all times.  [ECF No. 13 at 1.]  But, as explained above and in the Report, liability does not follow from Director Rhodes' position alone.  Instead, Plaintiff must allege actual or constructive knowledge regarding conduct by a subordinate that poses an unreasonable risk of constitutional injury, and, further, Plaintiff must allege deliberate indifference in response to that knowledge.  Plaintiff has not alleged any facts to establish supervisory liability as to Director Rhodes.  Accordingly, the court overrules these objections, as well, and accepts the recommendation that Director Rhodes be dismissed.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF

4

No. 11. For the reasons discussed above and in the Report, this action is dismissed without prejudice, without leave for further amendment, and without issuance and service of process.

**IT IS SO ORDERED.**

May 2, 2024                                   Sherri A. Lydon
Columbia, South Carolina              United States District Judge